CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

E. WISTAR WILSON (CABN 324705)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Wistar.Wilson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00190-001 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: October 31, 2025 |
| EDUAR RODRIGUEZ-GARCIA, | Hearing Time: 10:00 a.m. |
| Defendant. | Courtroom: Crtrm 6, 17th Fl. |
| | Hon. Charles R. Breyer |

## I. INTRODUCTION

Defendant Eduar Rodriguez-Garcia was arrested for dealing drugs twice within a four-month period in 2023. On August 16, 2023, law enforcement found him in possession of a loaded firearm and over 400 grams (gross) of fentanyl, 75 grams (gross) of methamphetamine, and 25 grams (gross) of cocaine base. On December 17, 2023, Rodriguez-Garcia was again found in possession of fentanyl (over 260 grams (gross)) and heroin, in addition to a large knife. Following the March 2024 indictment in this case and his release on conditions pending trial, Rodriguez-Garcia cut off his ankle monitor and absconded for nine months before being arrested in Oregon and returned to this District.

Rodriguez-Garcia pleaded guilty on July 30, 2025 to two counts of Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) (Counts One and Four) and

one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Dkt. 90. He is scheduled to be sentenced on October 31, 2025 at 10:00 a.m. before this Court.

For the reasons articulated below, the Government recommends that the Court sentence Mr. Rodriguez-Garcia to a total of 83 months' imprisonment. This sentence is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a), including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct. *See* 18 U.S.C. § 3553(a).

## II. OFFENSE CONDUCT

The charges in this case stem from two separate drug dealing incidents in 2023 that took place only four months apart. On August 16, 2023, shortly before 8 p.m., law enforcement officers conducting live video surveillance of the area of 7th and Market Streets in San Francisco, California, observed an individual—co-defendant Jose Martinez-Ruello—engage in a hand-to-hand drug transaction with an unknown man. *See* Presentence Investigation Report ("PSR"), Dkt. 99, at ¶ 7. Moments later, an unknown woman approached Martinez-Ruello, but he shook his head and directed the woman to Rodriguez-Garcia. *Id.* at ¶ 8. Officers then watched as Rodriguez-Garcia engaged in a hand-to-hand drug transaction with the woman. *Id.* They placed both Rodriguez-Garcia and Martinez-Ruello under arrest. *Id.* at ¶ 9.

During a search incident to arrest, officers found on Rodriguez-Garcia 404.7 grams (gross) of fentanyl, 75.9 grams (gross) of methamphetamine, 25.5 grams (gross) of cocaine base, a digital scale, two cell phones, over $290 in cash, and—in the backpack Rodriguez-Garcia was wearing—a .40-caliber Glock 22 firearm loaded with nine rounds of ammunition. *Id.* Law enforcement also searched Martinez-Ruello and found 124 grams (gross) of fentanyl, 2 grams (gross) of methamphetamine, 2.6 grams (gross) of cocaine base, a digital scale, and over $400 in cash on his person. *Id.* at ¶ 10.

Rodriguez-Garcia, evidently undeterred by this August arrest, was observed again on December 17, 2023 conducting a hand-to-hand drug transaction, this time on Hyde Street in San Francisco at approximately 9:30 pm. PSR at ¶ 11. Martinez-Ruello was not present. During a search incident to arrest, law enforcement officers located on Rodriguez-Garcia's person (including in his backpack) 263

grams (gross) of fentanyl, 7.3 grams (gross) of heroin, a large knife, a cell phone, and $628 in cash. *Id.* at ¶ 12.

A March 27, 2024 indictment charged Rodriguez-Garcia on three drug-trafficking counts—two for the August 17, 2023 offense conduct and one for the December 17, 2023 offense conduct. Dkt. 20. The same indictment charged Martinez-Ruello with one drug-trafficking count for his offense conduct on August 17, 2023. *Id*.

On April 9, 2024, Rodriguez-Garcia was ordered released pending trial, subject to release conditions that included location monitoring. PSR at ¶ 5. Less than two months later, Rodriguez-Garcia cut off his ankle monitor and absconded from supervision. *Id.* He remained in absconder status for nine months before authorities located him on March 6, 2025 at an apartment in Portland, Oregon, in which they also located drugs, a substantial amount of cash, and a firearm.[1] *Id.* at ¶ 14. Rodriguez-Garcia provided a false name and was uncooperative during that encounter with law enforcement, fighting with two officers as they took him into custody. *Id.* He was subsequently transported to this District in custody to face the charges in this case.

### III.     GUIDELINES CALCULATION

The government agrees with the U.S. Sentencing Guidelines ("Guidelines") calculation set forth by U.S. Probation (and by the parties in the Plea Agreement), which results in a Total Offense Level of 31. *See* PSR ¶ 28; Dkt. 89 at ¶ 7. Specifically, the Base Offense Level is 30, a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) applies for possessing a dangerous weapon (firearm) in connection with the offense, a 2-level enhancement under U.S.S.G. § 3C1.1 applies for absconding from supervision, and a 3-level reduction under U.S.S.G. § 3E1.1 applies for accepting responsibility.[2] *See* PSR at ¶¶ 19-28.

---

[1] Law enforcement in the District of Oregon encountered Rodriguez-Garcia while executing a warrant for another individual who was associated with the apartment in Portland, Oregon. The government understands that at least one other person was in the apartment when Rodriguez-Garcia was found there. The defendant disputes that he was in the apartment when he was contacted by law enforcement. *See* PSR at ¶ 15.

[2] Although the 3-level reduction for acceptance of responsibility ordinarily does not apply where the defendant is subject to the 2-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, the specific facts and circumstances of this case render it an "extraordinary case" in which both adjustments apply. *See* U.S.S.G. § 3E1.1 Appl. Note 4; *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994) (holding that a case is "extraordinary" for purposes of Application Note 4 where the defendant's obstructive conduct is *not inconsistent* with the defendant's acceptance of responsibility, which occurs when a defendant, "although initially attempting to conceal the crime, eventually accepts

The Guidelines range for a Total Offense Level of 31, for an individual with Criminal History Category I, is 108 to 135 months' imprisonment. *See* PSR at ¶ 60. Each of the counts to which Rodriguez-Garcia has pled guilty carries a mandatory minimum sentence of 60 months' imprisonment and four years of supervised release. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(B). A sentence of 83 months' imprisonment, as recommended and discussed by below, represents a 25-month downward variance from the applicable Guidelines range.

## IV. SENTENCING RECOMMENDATION

The government recommends that the Court sentence Rodriguez-Garcia to 83 months' imprisonment, followed by four years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a)—including promoting respect for the law, reflecting the seriousness of the offense, providing just punishment, and affording adequate deterrence to criminal conduct. It would accomplish these objectives while also appropriately accounting for mitigating factors applicable to Rodriguez-Garcia's case.

On two separate occasions in 2023, Rodriguez-Garcia was found in the Tenderloin in possession of significant quantities of drugs, including fentanyl, after being observed conducting hand-to-hand drug sales. Rodriguez-Garcia possessed a loaded firearm during the first incident, and a large knife in connection with the second. Carrying a loaded firearm in connection with drug-trafficking—an already dangerous activity with significant potential for physical violence—only heightens the risk of violence. Of particular concern, Rodriguez-Garcia's arrest in August 2023 appears to have had little, if any deterrent effect on his criminal activity; it took only four months for him to be arrested a second time engaging in the same conduct.

Rodriguez-Garcia's absconding from pretrial supervision is a significant aggravating factor in this case. Not only did he cut off his ankle monitor and flee, when he was apprehended, he lied to officers by providing them a false name and then physically fought with them as they attempted to place him under arrest. The circumstances in which he was found—in an apartment with drugs, a large amount of cash, and a firearm—suggest he was still engaging in, or at least associating closely with

---

responsibility for the crime and abandons all attempts to obstruct justice.") (emphasis in original).

others engaging in, drug-dealing activity.  There is thus a heightened need in this case for the sentence to convey the seriousness of the offenses and promote specific deterrence; Rodriguez-Garcia has repeatedly engaged in serious criminal conduct and demonstrated a brazen disregard for the law, including court orders.

A sentence of 83 months' imprisonment would balance appropriately the need to advance the goals of sentencing set forth in 18 U.S.C. § 3553(a) while accounting for Rodriguez-Garcia's history and personal characteristics.  Although his criminal history includes four other drug-trafficking arrests between January 2022 and December 2023, Rodriguez-Garcia does not have any prior criminal convictions.  *See* PSR at ¶ 31, 34-39.  Upon returning to this District in March 2025, Rodriguez-Garcia indicated promptly his intention to plead guilty and accept responsibility.  This case will be his first federal conviction and this sentence his first significant period of time in custody.  He is relatively young and has expressed remorse for his actions and the impact they have had on his family and the community.  *See* PSR at ¶ 16.  In light of the foregoing and Rodriguez-Garcia's history, *see* PSR at ¶ 43-50, a 25-month downward variance from the low end of the applicable Guidelines range is appropriate in this case.

## V.  CONCLUSION

For the reasons set forth above, a sentence of 83 months' imprisonment, followed by four years of supervised release, is sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3552(a).  The government requests that the Court sentence Mr. Rodriguez-Garcia accordingly.

DATED: October 24, 2025                                Respectfully submitted,

                                                                             CRAIG H. MISSAKIAN
                                                                             United States Attorney


                                                                              */s/ E. Wistar Wilson*
                                                                             E. WISTAR WILSON
                                                                             Assistant United States Attorney